AO 106 (Rev. 04/10) Application for a Search Warrant

# UNITED STATES DISTRICT COURT
for the
Southern District of California

FILED
JAN 1 4 2019
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY                          DEPUTY

In the Matter of the Search of )
*(Briefly describe the property to be searched* )
*or identify the person by name and address)* )   Case No.   **19MJ0144**
One LG cellular phone, belonging to Jaime Hernandez, )
located at ARG Bail Bonds, 121 Broadway Suite 551, )
San Diego, CA 92101 )

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

See Attachment A

located in the _____Southern_____ District of _____California_____, there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment B

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

☑ evidence of a crime;

☑ contraband, fruits of crime, or other items illegally possessed;

☑ property designed for use, intended for use, or used in committing a crime;

☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. 2252 & 2252A | Certain activities relating to images of minors engaged in sexually explicit conduct and child pornography |

The application is based on these facts:

See Attached Affidavit

☑ Continued on the attached sheet.

☐ Delayed notice of _____ days (give exact ending date if more than 30 days: _____) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

*Applicant's signature*

Kristin Robinson, Special Agent, FBI
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 1/14/19

*Judge's signature*

City and state: San Diego, CA          Hon. Linda Lopez, United States Magistrate Judge
*Printed name and title*



## AFFIDAVIT IN SUPPORT OF APPLICATION FOR SEARCH WARRANT

I, Kristen Robinson, Special Agent with the Federal Bureau of Investigation, being duly sworn, hereby state as follows:

### INTRODUCTION

1. I am a Special Agent (SA) with the Federal Bureau of Investigation (FBI), and have been so employed since March of 1997. I am currently assigned to the San Diego Field Office, and more specifically to the Internet Crimes Against Children task force (ICACTF), where I primarily investigate crimes concerning child exploitation and the receipt, possession, production, advertisement, and transmission of child pornography, which I have done for approximately 18 years.

2. My experience as an FBI Agent has included the investigation of cases involving the use of computers, cellular phones, and the Internet to commit crimes. I have received extensive training and gained experience in interviewing and interrogation techniques, arrest procedures, search warrant applications, the execution of searches and seizures, computer crimes, computer evidence identification, child pornography identification, electronic evidence seizure and processing, and various other criminal laws and procedures. I have been trained in investigations regarding the sexual exploitation of minors, the difference between child pornography and child erotica, and the preservation and review of computer related evidence. As part of my duties with the ICACTF, I investigate criminal violations relating to child exploitation and child pornography including violations pertaining to the illegal production, distribution, receipt, and possession of child pornography, in violation of 18 U.S.C. §§ 2251 and 2252(a) and the sexual enticement of minors in violation of 18 U.S.C. § 2422(b), and California Penal Code (CPC) 311.11(a) possession of child pornography. I have personally participated in the execution of search warrants involving the search and seizure of computer

1

equipment. Additionally, I have viewed thousands of images and videos of all types of child pornography, including children as young as a few days old who are being sexually assaulted by adults, as well as teenaged minors who are posing in a sexual manner and lasciviously displaying their genitals.

3. I make this affidavit in support of an application for a warrant to seize and search a Black LG cellular phone with brown border, serial number 807CYBD263245, (hereinafter the "Target Phone"), as further described is Attachment A, which is currently in the possession of ARG Bail Bonds located at 121 Broadway, Suite #551, San Diego, CA 92101, within the Southern District of California, and to search the Target Phone and seize evidence and fruits of crimes, specifically, violations of 18 U.S.C. §§ 2252 and 2252A, as more particularly described in Attachment B.

4. The Target Phone was personal property located on the person of Jaime Enrique HERNANDEZ, date of birth 10/30/1977, at the time he was arrested by the San Diego County Sheriff's Department on January 3, 2019, for failure to register as a sex offender, in violation of Cal. Penal Code § 290. According to a representative of ARG Bail Bonds, the Target Phone was released to them by HERNANDEZ on January 4, 2019, to be held as his personal property pending his release from state custody. A factual explanation supporting probable cause follows.

5. The information set forth in this affidavit is based on my own personal knowledge, knowledge obtained from other individuals during my participation in this investigation, including other law enforcement officers, my review of documents and computer records related to this investigation, communications with others who have personal knowledge of the events and circumstances described herein, and information gained through my training and experience. Because this

affidavit is submitted for the limited purpose of obtaining a search warrant for the Target Phone, it does not set forth each and every fact that I or others have learned during the course of this investigation, but only contains those facts believed to be necessary to establish probable cause.

6. Based on the information below, there is probable cause to believe that currently located within the Target Phone, as described in Attachment A, there is evidence and fruits of violation of 18 U.S.C. §§ 2252 and 2252A, as described in Attachment B.

**FACTS IN SUPPORT OF PROBABLE CAUSE**

7. On October 29, 2010, HERNANDEZ was sentenced to 120 months in federal custody, and 10 years of supervised release, following his guilty plea to distribution of images of minors engaged in sexually explicit conduct in violation of 18 U.S.C. § 2252(a)(2). [U.S. District Court, Southern District of California, Case No. 10cr1760-JM.] HERNANDEZ was released from federal custody, and commenced his term of supervised release, on November 2, 2018.

8. According to a Petition for Warrant or Summons filed with the U.S. District Court on December 21, 2018, during a routine field visit with HERNANDEZ on November 8, 2018, U.S. Probation Officer Paula Burke found HERNANDEZ in possession of a cellular phone.[1] HERNANDEZ admitted that he used the phone to connect to the internet, including social media. HERNANDEZ

---

[1] The conditions of Hernandez's supervised release did not explicitly prohibit Hernandez from possessing a cellular phone. However, according to the Petition filed on December 21, 2018, during her initial meeting with Hernandez on November 5, 2018, U.S. Probation Officer Burke verbally advised Hernandez that he was not to possess any devices, including any cell phones, which could connect to the internet, without prior approval and without monitoring software installed.

3

further admitted that he communicated with a female of unknown age through Facebook messenger and that she sent him nude images. HERNANDEZ indicated the officer would also find nude images of him on the phone, which he sent to others with whom he was communicating.

9. Officer Burke seized the cellular phone from HERNANDEZ and a forensic extraction of that cellular phone was completed by U.S. Probation on November 16, 2018. Review of the extraction report revealed that HERNANDEZ was active on several social media and dating sites. The extraction further revealed numerous images of sexually explicit material depicting adults, and animated images of sexually explicit conduct between minors and adults (also known as hentai). There were also two images of minor boys in a naked state, although such images did not depict the genitalia of such minors.

10. According to the December 21, 2018, Petition, on or about December 3, 2018, Officer Burke attempted to contact HERNANDEZ at his last reported address, and learned that HERNANDEZ was no longer residing at that address. On December 4, 2018, Officer Burke spoke with HERNANDEZ by phone and directed HERNANDEZ to report to her office the following day. HERNANDEZ failed to report to Officer Burke on December 5, 2018, and did not thereafter make attempts to contact Officer Burke.

11. On December 21, 2018, the district court ordered that a bench warrant be issued based upon the allegations contained in the Petition.

12. On or about January 3, 2019, HERNANDEZ was arrested and charged with misdemeanor failure to register as a sex offender in violation of California Penal Code § 290. Court documents show that HERNANDEZ pleaded guilty to that charge on January 9, 2019, and was sentenced to 30 days in custody.

13. On or about January 7, 2019, an employee of the San Diego County District Attorney's Office obtained calls made by HERNANDEZ during his incarceration. Upon listening to those calls, an employee of the District Attorney's Office learned that HERNANDEZ released his personal property, including a cellular phone, to the bail agent. Further, it was learned that HERNANDEZ had asked the bail agent to release the property to a third party, or alternatively to "please put it in a safe spot for me."

14. On January 11, 2019, your affiant made contact with an employee at ARG Bail Bonds. The employee indicated that HERNANDEZ released his personal property, which included the Target Phone, to ARG Bail Bonds to hold pending his release from state custody. The employee further indicated the Target Phone had been maintained in the same state it was when it was released to them by HERNANDEZ.

15. As a result of my training and experience in child exploitation and child pornography investigations, and the training and experience of other law enforcement officers with whom I have had discussions, there are certain characteristics common to individuals who have a sexual interest in children or images of children:

 a. Individuals who have a sexual interest in children or images of children may receive sexual gratification, stimulation, and satisfaction from contact with children; or from fantasies they may have viewing children engaged in sexual activity or in sexually suggestive poses, such as in person, in photographs, or other visual media; or from literature describing such activity.

 b. Individuals who have a sexual interest in children or images of children may collect sexually explicit or suggestive materials and oftentimes use these materials for their own sexual arousal and gratification. Furthermore, they

1  may use these materials to lower the inhibitions of children they are attempting to
2  seduce, to arouse the selected child partner, or to demonstrate the desired sexual
3  acts.

4         c.     Individuals who have a sexual interest in children or images of
5  children often maintain their child pornography, other images of children, and
6  discussions about the sexual exploitation of children in a safe, secure and private
7  environment, such as an online account, computer, cellular phone, or in their
8  residence. These collections are often maintained for several years and are kept
9  accessible, to enable the collector to view this material, which is valued highly.
10 Even in cases where files and information has been deleted from a computer or
11 cellular phone, or concealed via encryption software, forensic examiners can use
12 specialized tools to recover the deleted files or access encrypted files.

13         d.     Individuals who have a sexual interest in children or images of
14 children often correspond with and/or meet others to share information and
15 materials; are rarely able to completely destroy correspondence from other child
16 pornography distributors/collectors; conceal correspondence as they do their
17 sexually explicit material; and often maintain lists of names, addresses, and
18 telephone numbers of individuals with whom they have been in contact and who
19 share the same interests in child pornography or the sexual exploitation of children.
20 Such information is often stored within the individual's cellular phone.

21         e.     Individuals who sexually exploit children prefer not to be
22 without their child pornography and other images of children for any prolonged
23 time period. Storage of this content in email accounts or cloud-based storage
24 accounts gives the offender the ability to access it from any computer. Evidence of
25 maintenance of such accounts is often found upon examination of cellular phones
26 and other digital devices.

27

6

f. Oftentimes, individuals who sexually exploit children will download and store images and communications of children they know or with whom they have communicated. These images many not necessarily be pornographic or obscene in nature, however they are often used for their own sexual gratification.

16. Based upon the facts set forth above, there is reason to believe evidence and fruits pertaining to violations of 18 U.S.C. §§ 2252 and 2252A, may exist on the Target Phone. Specifically, HERNANDEZ previously committed the offense of distribution of images of minors engaged in sexually explicit conduct, and within days after his release from custody for that offense used another cellular phone to possess images of nude minor males and hentai. Based thereon, it is reasonable to believe such evidence may exist within the Target Phone.

## **METHODOLOGY**

17. It is not possible to determine, merely by knowing the cellular/mobile telephone's make, model and serial number, the nature and types of services to which the device is subscribed and the nature of the data stored on the device. Cellular/mobile devices today can be simple cellular telephones and text message devices, can include cameras, can serve as personal digital assistants and have functions such as calendars and full address books and can be mini-computers allowing for electronic mail services, web services and rudimentary word processing. An increasing number of cellular/mobile service providers now allow for their subscribers to access their device over the internet and remotely destroy all of the data contained on the device. For that reason, the device may only be powered in a secure environment or, if possible, started in "flight mode" which disables access to the network. Unlike typical computers, many cellular/mobile telephones do not have hard drives or hard drive equivalents and store information

in volatile memory within the device or in memory cards inserted into the device. Current technology provides some solutions for acquiring some of the data stored in some cellular/mobile telephone models using forensic hardware and software. Even if some of the stored information on the device may be acquired forensically, not all of the data subject to seizure may be so acquired. For devices that are not subject to forensic data acquisition or that have potentially relevant data stored that is not subject to such acquisition, the examiner must inspect the device manually and record the process and the results using digital photography. This process is time and labor intensive and may take weeks or longer.

18. Following the issuance of this warrant, I will collect the Target Phone and subject it to analysis. All forensic analysis of the data contained within the telephone and its memory cards will employ search protocols directed exclusively to the identification and extraction of data within the scope of this warrant.

19. Based on the foregoing, identifying and extracting data subject to seizure pursuant to this warrant may require a range of data analysis techniques, including manual review, and, consequently, may take weeks or months. The personnel conducting the identification and extraction of data will complete the analysis within ninety (90) days, absent further application to this court.

## GENUINE RISK OF DESTRUCTION OF DATA

20. Based upon my experience and training, and the experience and training of other law enforcement agents with whom I have communicated, electronically stored data may be permanently deleted or modified by users possessing basic computer skills. In this case, until the device is in the custody of law enforcement, there exists a genuine risk of destruction of the property to be searched.

## PRIOR ATTEMPTS TO OBTAIN DATA

21. The United States has not attempted to obtain this data by other means.

## CONCLUSION

22. Based on the foregoing, I respectfully submit that there is probable cause to believe items that constitute evidence and fruits of violations of 18 U.S.C. §§ 2252 and 2252A, as described in Attachment B, are located within the Target Phone described in Attachment A.

Kristen Robinson
Special Agent
Federal Bureau of Investigation

Subscribed and sworn before me this 14 day of January 2019.

Hon. Linda Lopez
United States Magistrate Judge

9

# ATTACHMENT A

## DESCRIPTION OF ITEM TO BE SEARCHED

The location and items to be searched are as follows:

- LG cellular phone, black with a brown border, serial number 807CYBD263245, belonging to JAIME HERNANDEZ, date of birth 10/30/1977,

Currently located at ARG (Alejandra Rose Gibbs) Bail Bonds, located at 121 Broadway Suite 551, San Diego, CA 92101.

## ATTACHMENT B

Authorization to search the **Target Devices** described in Attachment A includes the search of disks, memory cards, deleted data, remnant data, slack space, and temporary or permanent files contained on or in the cellular telephone. The seizure and search of the cellular telephone will be conducted in accordance with the affidavit submitted in support of the warrant. The evidence to be searched for and seized from the cellular telephone pertains to violations of 18 U.S.C. §§ 2252 and 2252A, as follows:

1. Communications, records, or data including but not limited to emails, text messages, photographs, audio files, videos, or location data:

   a. tending to indicate efforts to produce, distribute, receive, possess or view images of, minors engaged in sexual explicit conduct;

   b. tending to identify other facilities, storage devices, or services – such as email addresses, IP addresses, cloud storage accounts, phone numbers – that may contain electronic evidence tending to indicate the presence of images of minors engaged in sexual explicit conduct or efforts to engage in sexual conduct with minors;

   c. tending to identify co-conspirators, criminal associates, or others involved in the producing, distributing, receiving or possessing of images of minors engaged in sexual explicit conduct;

   d. tending to identify travel to or presence at locations that concern the existence of images of minors engaged in sexually explicit conduct;

   e. tending to identify the user of, or persons with control over or access to, the subject phone; or

   f. tending to place in context, identify the creator or recipient of, or establish the time of creation, receipt or modification of communications, records, or data above.

2